## Shinn et al. *v.* Stemler, Appellant.

Submitted April 22, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*P. B. Roads*, for appellant.

*James A. Dolphin* and *Cletus C. Kilker*, for appellees.

PER CURIAM, May 27, 1946:

This appeal is by defendant from an order of the Court of Common Pleas of Schuylkill County making absolute citation for possession of real estate and entering judgment for petitioner.

Plaintiffs obtained a judgment against defendant, and after levy of execution against defendant's real estate had been made defendant presented a petition to the court of common pleas to open the judgment. A rule was issued and an answer was filed. Upon rule being discharged on November 13, 1944, defendant, on December 11, 1944, without complying with the Act of May 19, 1897, P. L. 67, as amended, 12 PS § 1133 et seq., to make the appeal a supersedeas, appealed to this court (*Shinn et al. v. Stemler,* 158 Pa. Superior Ct. 350, 45 A. 2d 242). The question presented is whether that appeal nevertheless acted as a supersedeas. It did not. The Act of May 19, 1897, P. L. 67, as amended, 12 PS § 1133 et seq., rules appeals on the question of supersedeas; and a supersedeas operates only in favor of those who ask for and have done those things necessary to obtain it. *Drabant v. Cure,* 280 Pa. 181, 187, 124 A. 340; *Koenig v. Curran's Restaurant & Baking Co. et al.,* 121 Pa. Superior Ct. 201, 205, 207, 183 A. 451.

We may add that the question is now moot. The validity of the judgment has been adjudicated. In *Shinn et al. v. Stemler,* supra, 158 Pa. Superior Ct. 350, 45 A. 2d 242 (allocatur refused by the Supreme Court), we affirmed the order of the court below in discharging the rule to open the judgment upon which the execution in question issued.

Judgment of the court below is affirmed, at the cost of appellant.