# Southern Fulton School District v. Hill (No. 2)

*John Sharpe* and *Albert Foster*, for plaintiff.
*Elmer L. Hill*, p. p.

MACPHAIL, P. J., April 26, 1968.—Southern Fulton School District instituted suit in assumpsit against defendant to collect the amount of tax alleged to be due the school district from the taxpayer for the fiscal year 1964-65 by virtue of an occupation tax resolution enacted by the school district. Preliminary objections were filed by defendant. On April 27, 1967, we handed down an order, accompanied by an opinion of court, overruling defendant's objections and directing defend-

ant to file an answer within 20 days from the date of our order.

On May 12, 1967, defendant appealed to the Superior Court from our order disposing of the preliminary objections, and on May 15, 1967, a writ of certiorari from the Superior Court was filed with the Prothonotary of the Court of Common Pleas of Fulton County. On June 1, 1967, the prothonotary, on praecipe from counsel for plaintiff, entered judgment against defendant for failure to file an answer as required by our order of April 27, 1967. On June 2, 1967, plaintiff filed a motion to quash the appeal in the Superior Court. On June 21, 1967, the Superior Court, in a per curiam order, directed that the appeal be quashed, stating "the order from which the appeal is taken being interlocutory and not appealable".

Defendant filed a petition with the Supreme Court for an allowance of an appeal from the Superior Court's order. This was denied per curiam on August 28, 1967.

Defendant has now filed a motion to strike off the default judgment, alleging that the appeal to the Superior Court and the writ of certiorari issued pursuant thereto operated as a supersedeas and that the action of plaintiff in taking a default judgment is, accordingly, void.

No security bond was filed by defendant in connection with his appeal to the Superior Court and no special order directing that the appeal would act as a supersedeas was entered by either of the appellate courts or this court. The fate of the present motion to strike hinges upon the determination of the narrow issue of whether or not an appeal from an interlocutory order, which is not appealable, nevertheless acts as an automatic supersedeas.

At common law, a court of first instance was without jurisdiction to proceed with a cause after the record

thereof had been removed to an appellate court: Gilbert v. Lebanon Valley Street Railway Co., 303 Pa. 213 (1931). In 1897, the legislature enacted a statute which was obviously designed to govern the procedure for appeals and, further, to prescribe when such appeals would act as a supersedeas and under what condition: Act of May 19, 1897, P. L. 67, as amended, 12 PS §1133, et. seq. Since 1897, many cases on this question have been decided. Our conclusion, from reviewing most of these cases, is that the decisions are not harmonious and that most of the difficulty arises from the awkward language of the statute.

Section 4 of the statute provides that "No appeal shall be allowed in any case from an order, judgment, or decree of any court of common pleas or orphans' court unless taken within three calendar months from the entry of the order, judgment, or decree appealed from, nor shall an appeal supersede an execution issued or distribution ordered, unless taken and perfected, and bail entered in the manner herein prescribed within three weeks from such entry".

Section 12, 12 PS §1149, provides that "In appeals from *judgments and decrees* in mandamus, quo warranto, contested election cases, from sentences in criminal proceedings and all other classes of cases not herein otherwise provided for, the appeal *shall not* operate as a supersedeas, unless so ordered . . .".

Finally, in section 15, 12 PS §1152, it is provided that "Appeals may be taken from any sentence, *order,* judgment, or decree without security in any proceeding where by law the same is or may be allowed; *but in such cases the appeal shall not operate as a supersedeas* . . ." [with certain exceptions not applicable here]. (Italics supplied.)

Notwithstanding the statute, our appellate courts have, in many instances, held that where a certiorari is issued pursuant to an appeal, it operates as a

supersedeas "by implication" because it takes the record out of the custody of the inferior court and leaves nothing there to be enforced or prosecuted: Ewing v. Thompson, 43 Pa. 373 (1862); Harwood v. Bruhn, 313 Pa. 337 (1934); and Gilbert v. Lebanon Valley Street Railway Co., supra. Other cases have held that the Act of 1897 governs appeals on the question of supersedeas and, further, that a supersedeas operates only in favor of those who have done those things necessary to obtain it: Shinn et al. v. Stemler, 159 Pa. Superior Ct. 129 (1946), and Self Drive It Corporation Case, 390 Pa. 161 (1957).

Later cases have held that a lower court lacks jurisdiction to modify its original order after an appeal is taken and a writ of certiorari is issued, even though no bond is filed and no special order granting the supersedeas is entered: Tarbuck v. Tarbuck, 36 D. & C. 2d 672 (1965); Commonwealth v. Tabb, 417 Pa. 13 (1965); Commonwealth ex rel. Podvasnik v. Podvasnik, 198 Pa. Superior Ct. 107 (1962), and Corace v. Balint, 418 Pa. 262 (1965).

In 9 Standard Pa. Prac. Chapter 39, §123, the following appears:

"In Pennsylvania, the common-law rule has been superseded by statutes which now govern the subject matter, and the rule which has evolved as to supersedeas is that generally an appeal *does not* automatically operate as a supersedeas, but that it will operate as a supersedeas only in favor of those who ask for a supersedeas and who have done those things necessary to obtain it". (Italics supplied.)

See Shinn v. Stemler, supra, and Self Drive It Corporation Case, supra.

Of course, in the case before us now, the *court* did nothing after the writ of certiorari was issued. The judgment was taken by one of the parties. However, the cases hold that the suspensory power of the writ

applies to the parties directly connected with the proceedings as well as the court: Commonwealth v. Kistler, 149 Pa. 345 (1892).

Notwithstanding this apparent conflict among the cases, the Act of 1897 and the texts on the general question of how and when an appeal operates as a supersedeas automatically, the narrow question of the effect of an appeal from an interlocutory order, as a supersedeas, has apparently been resolved.

In the case of Titusville Oil Exchange Dissolution, 10 Pa. Superior Ct. 496 (1899), the court specifically held that an appeal from an interlocutory, nonappealable, decree does not operate as a supersedeas automatically. Referring to the reasoning of an earlier case (Robinson v. Glancy, 69 Pa. 89 (1871)), the Superior Court in the Titusville case held that any other decision on this question would simply result in vexatious litigation and unnecessary prejudice to the parties involved. Standard Pennsylvania Practice states, as an accepted principle of law, that an appeal improperly taken from a nonappealable judgment or decree does not act as an automatic supersedeas: Volume 9, chap. 39, §123.

While the Gilbert case, supra, does contain language to the effect that the Act of 1897 does not apply to interlocutory orders, it will be observed in that case that the appeal taken was on a question of jurisdiction of the court under the Act of March 5, 1925, P. L. 23, which provided that decisions or jurisdiction "may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments". Accordingly, the court in the Gilbert case held that an appeal from a ruling on the question of jurisdiction did operate as a supersedeas automatically because it was necessary to determine jurisdiction before the merits of the case could be examined. Of course, that factual situation is in no way related to the case now before us.

It would be helpful in reaching a decision here if the apparent conflict mentioned previously, concerning the general question of the operation of an appeal as an automatic supersedeas, could be resolved. Certainly, the argument as presented by defendant that the cases holding an appeal is an automatic supersedeas by implication are controlling here is worthy of consideration. As a practical matter, however, were we to agree with defendant's argument, the ultimate result would be that every litigant against whom the court rules in disposing of preliminary objections could use the device of a fruitless appeal to frustrate the opposing party and delay further proceedings in the case for months at a time, or even indefinitely. We do not feel that such procedures promote justice.

Accordingly, we will rule that the appeal taken by defendant here from an interlocutory order was a nullity and that it did not have the effect of a supersedeas in the absence of security being filed or a special order of court having been entered under the Act of 1897. Accordingly, the judgment obtained by plaintiff must stand.

### ORDER OF COURT

And now, April 26, 1968, for the reasons herein given, the motion to strike off judgment taken by plaintiff is overruled. An exception to this order is noted for defendant.