598 A.2d 313

**MONROE COUNTY CHILDREN AND YOUTH SERVICES**

v.

**Phyllis J. WERKHEISER, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 15, 1991.

Filed Oct. 28, 1991.

Mark L. Newman, Asst. Public Defender, Stroudsburg, for appellant.

Before ROWLEY, President Judge, and BECK and HESTER, JJ.

BECK, Judge:

The issue in the instant case is whether a parent whose parental rights have been involuntarily terminated by the trial court remains under an obligation to pay support for those children after the trial court's final order has been entered and during the pendency of an appeal to this court. Appellant, Phyllis Werkheiser, argues that the trial court's order terminating her parental rights in her children also

terminated her obligation to support them. She argues that since no supersedeas was sought or obtained, the mere filing of an appeal to this court did not act to stay the trial court's order terminating her rights. Therefore appellant contends that the trial court erred in ordering her to pay arrearages in support for the children between the time that the final order was entered and the time the appeal was decided by this court. We agree and reverse.

The issue before us arises in the following procedural context. Appellant, Phyllis Werkheiser, is the natural mother of four children. After it came to light that the two eldest daughters were being sexually abused by their father, the children were placed in foster care.[1] In January, 1987, the trial court ordered appellant to pay child support in the amount of $40.00 biweekly for the support of two of the children who were with foster care families.[2] After seven years of foster care, Monroe County Children and Youth Services instituted proceedings to terminate appellant's parental rights. On May 10, 1989, the trial court entered a decree nisi granting CYS' petition to terminate appellant's parental rights. Exceptions to the decree nisi

---

1. While criminal charges were pending against the father, he committed suicide. Appellant suffered from schizophrenia for which she was treated as an in-patient at a mental hospital for a period of time. Thereafter, appellant was released and held a variety of short term jobs. She changed residences frequently. In November of 1988, the two older daughters who had been the subject of their father's abuse confronted their mother with the fact that she had known of the abuse for ten months and had failed to protect her children. When appellant refused to accept any responsibility for the suffering caused, her daughters refused to have any contact with her from that time forward. The other daughter also rejected appellant. Only the youngest child, a boy, continued any visitation with appellant during the years of foster care. This brief recapitulation of the family's dissolution is taken from our opinion in *In re J.W.*, 396 Pa.Super. 379, 578 A.2d 952 (1990), in which this court affirmed the termination of appellant's parental rights.

2. The support order indicates that the child support was designated for the two youngest children. The record does not reveal further how support was calculated nor does it indicate what if any support had been provided for the two older daughters until they reached majority.

were dismissed on August 11, 1989.[3] Appellant took an appeal to this court which was decided on July 27, 1990 and which affirmed the decision of the trial court to terminate appellant's parental rights.

On October 25, 1990, a hearing was held before the support master to determine what if anything remained of appellant's support obligations. The master recommended that the support order be suspended as of July 27, 1990, the date this court affirmed the termination order. However, the master recommended that appellant be responsible for support between May 10, 1989, the date the decree nisi terminating her rights was entered and July 27, 1990, the date this court affirmed. The master's report was adopted by the trial court and the support order entered on October 30, 1990. Appellant filed exceptions to the master's report, claiming that since her rights as a parent had been involuntarily terminated by the trial court, her obligation to pay support for the children had been extinguished as well. On January 15, 1991, the trial court dismissed appellant's exceptions to the recommendation of the support master and entered an opinion and order making the October 30 order the final order of the court. Appellant filed the instant appeal.

The single important issue raised for our consideration in this appeal is whether a parent whose parental rights have been terminated by a final order of the lower court remains obligated to pay support during the pendency of an appeal to this court. Appellant's argument is simple and compelling. She argues that the support obligation derives from

3. As noted by this court in *In re J. W., supra* note 1, appellant appealed from the denial of exceptions to the decree nisi. Since the denial of exceptions to a decree nisi is an interlocutory order, the appeal was not properly taken. In response to an order by the Superior Court a final order was entered and the Superior Court decided the matter on the merits. The impact of the premature appeal, both on the prior appeal and in this case, will be discussed *infra*. While the fact that appellant initially failed to take a proper appeal affects the date on which the termination became a final appealable order, the procedural misstep does not affect the underlying principles upon which we decide the instant case.

the parental status which is terminated when the trial court enters a final, appealable order. Once parental rights have been terminated by a final order, the mere filing of an appeal, without more, neither restores them nor suspends the operation of the court's order. Therefore, appellant contends, just as her parental rights had been terminated by the trial court's order, so concomitantly had her obligation to support the children. We agree.

■ It is undisputed that the obligation to support the children flows from the existence of the relation of parent and child. Since the parties agree that termination of parental rights absolves the parent of her duty to pay support the precise issue is when, in the context of a case wherein a terminated parent appeals the trial court's order, the termination order can be said to have had this effect. We hold that when a final, appealable order is entered by the trial court terminating appellant's parental rights, her obligation to pay support is also terminated despite the fact that an appeal was taken, where, as here, no supersedeas was sought or obtained.

The parties have directed us to no authority which has previously addressed this precise issue nor has our research revealed any. Therefore, our conclusion is based on general and fundamental principles of appellate jurisprudence developed in case law, appellate procedural rules and statutes.

The trial judge correctly noted that the final order entered in the instant matter did not terminate appellant's rights.[4] Rather, his decision to order support arrearages was based upon the proposition that appellant's "appeal to [this court] effected a supersedeas of the trial court's order terminating her parental rights." Based on this conclusion, the trial court reasoned that "the status of parenthood continues until such time as the appeal is decided." Of course, the next reasonable step was also to find, as the

4. For purposes of clarity especially in this procedurally anomalous case, we will address the actual dates involved after we discuss the general principles which inform our inquiry.

trial court did, that "the obligation of support also continues....". Since the entire construct of the trial court's reasoning is premised on the erroneous conclusion that the filing of the appeal alone operates as a supersedeas here, the conclusions based thereon cannot stand.

It is a principle of long standing that: "The right of appeal does not automatically carry with it the right of supersedeas." *Wilkinson v. United Parcel Service,* 43 A.2d 414, 416, 158 Pa.Super. 34, 39 (1945). *See also Shinn v. Stemler,* 159 Pa.Super. 129, 47 A.2d 294 (1946). In fact, this ancient proposition recently was reiterated by our court. In *Fiore v. Oakwood Plaza Shopping Center,* 401 Pa.Super. 446, 465, 585 A.2d 1012, 1021 (1991) we stated: "The mere filing of an appeal does not automatically function as a supersedeas....". The Rules of Appellate Procedure detail the processes which parties seeking to effect a supersedeas must undertake in order to obtain one. See Pa.R.A.P. 1701 et seq. Other than in an appeal from an order involving solely the payment of money, as provided in Pa.R.A.P. 1731, an appeal does not automatically operate as a supersedeas unless the party makes proper application either to the lower court or to this court. Even then the application must demonstrate the necessity for the relief requested. *See Wilkinson,* 158 Pa.Super. at 39, 43 A.2d at 416; *Shinn,* 159 Pa.Super. at 130, 47 A.2d at 295 ("a supersedeas operates in favor of those who ask for and have done the things necessary to obtain it"); *see also Fiore,* 401 Pa.Super. at 463–466, 585 A.2d at 1021–1022 (parties must properly apply for and demonstrate the need for supersedeas).

The applicable statutory provision governing whether an appeal operates as a supersedeas is 42 Pa.C.S. § 5105(e) (Purdon 1981) which provides in relevant part: "**Supersedeas.**—An appeal shall operate as a supersedeas to the extent and upon the conditions provided or prescribed by law." The extent and conditions are outlined in the case law and appellate rules noted above. Absent compliance with these

conditions, no automatic supersedeas of the trial court's order is accomplished just by filing an appeal.

The trial court properly recognizes that there is no direct authority from which one could conclude that an appeal from an order terminating parental rights operates as an automatic supersedeas. Instead the trial court reaches its conclusion by interpreting the "nature" of the termination proceeding. The trial court reasoned that since a petition for termination of parental rights may only be brought when adoption is contemplated, the involuntary termination proceeding is "merely the initial stage of a two-step proceeding resulting in a decree of adoption".

Next, the trial court cited the general rule regarding the well-established principle that a trial court may not proceed further in a matter from which an appeal has been taken. Pa.R.A.P. 1701(a). From these two general and distinct notions the trial court concluded that the filing of an appeal here prevented it from proceeding with the adoption phase of the process and that therefore the filing of an appeal acted as a supersedeas which prevented the status of parenthood from terminating until the appeal was finally adjudicated. We analyze this matter differently from the trial court.

In the first instance, an appeal generally operates to divest the trial court of jurisdiction and prevents the trial court from taking any further action in the matter during the pendency of the appeal.[5] However, in our view, one cannot extrapolate from this general principle to a conclusion that therefore the trial court's final order is a nullity until the appeal is decided. If such were the case the rules providing for the obtaining of a supersedeas would be unnecessary. In fact, just the opposite is the case. The taking of the appeal "freezes" the parties' status as provided in the trial court's final order, unless a supersedeas or

5. The appellate rules give the trial court the power to proceed in enumerated situations including the authority to take action to preserve the status quo and enforce any order entered in the matter, **unless the order has been superseded as prescribed** by the appellate rules. See Pa.R.A.P. 1701(b)(1) and (2).

stay has been obtained. While the trial court cannot act except in enumerated circumstances neither can the parties take any action contrary to the final order from which an appeal has been taken, **unless the effect of the order has been superseded** as prescribed by the rules. *See* Pa.R.A.P. 1701(b)(2). Moreover, the fact that an involuntary termination proceeding is undertaken in contemplation of adoption does not require a different result. The final order of the trial court terminates the parental rights of the parent unless and until the order is reversed by this court or the effect of the order is superseded by an order for which a party has properly applied. The trial court is correct in noting that adoption is the ultimate, eventual goal when a custodial agency seeks the termination of parental rights. *In re B.E.*, 474 Pa. 139, 144, 377 A.2d 153, 155 (1977). However, it is also true that "when a child is in the custody of an approved adoption agency, it is not necessary that adoption be imminent before the agency may petition to have a parent's rights terminated." *In re Burns*, 474 Pa. 615, 627, 379 A.2d 535, 541 (1977). Furthermore, no particular adoption plan need be shown before the trial court is permitted to terminate a parent's rights. *Id.* In fact, the Supreme Court has noted that one of the purposes of the adoption laws is to allow the agency to proceed with termination proceedings independently of an adoption. *Id.* Thus, while the agency seeking termination of parental rights must retain as its "continuing concern the **eventual** placement of a child for adoption", the lack of actual success or immediacy of adoption will not vitiate the termination proceeding. *In re B.E.*, 474 Pa. at 144 n. 5, 377 A.2d at 155 n. 5 (emphasis added). The fact that the trial court cannot proceed with the adoption process does not, in itself, prevent the termination order from becoming final.

Based on the foregoing discussion, we conclude that the filing of an appeal from the order terminating parental rights did not operate as an automatic supersedeas and that, for determining her parental status for support purposes, mother's parental rights were terminated when a

final, appealable order was entered below. All that remains to be decided is when that event occurred in the context of the instant appeal. The resolution of the question is complicated here by the fact that appellant prematurely filed a notice of appeal from the trial court's dismissal of the exceptions to the decree nisi. As noted above, and as found by this court in our opinion in *In re J.W.*, 396 Pa.Super. at 385, 578 A.2d at 955, an appeal will not lie from an order denying exceptions to a decree nisi. Therefore, this court caused a per curiam order to be entered in the appeal from the termination proceeding which directed appellant to praecipe for the entry of a final decree in the termination case. Pursuant to that order, a final decree was entered on April 10, 1990. Thus, on April 10, 1990, when the final order was entered in the termination case, appellant's parental rights were terminated for purposes of deciding her obligation to pay support for the children. We conclude that appellant's status as parent terminated when the final decree was issued on April 10, 1990.

Order reversed and case remanded for recalculation of support arrearages consistent with this opinion. Jurisdiction is relinquished.