**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JIM RONALD MILLS, JR. | |
| Appellant | No. 888 WDA 2015 |

Appeal from the PCRA Order entered May 26, 2015
In the Court of Common Pleas of Potter County
Criminal Division at No: CP-53-CR-0000022-2012

BEFORE:  LAZARUS, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                     **FILED JUNE 07, 2016**

Appellant, Jim Ronald Mills, Jr., appeals from the May 26, 2015 order of the Court of Common Pleas of Potter County, dismissing his petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The record shows Appellant was charged with fraud, theft, and misuse of funds of an elderly victim.  Subsequently, on February 10, 2014, Appellant pled guilty to one count of theft and was sentenced to time served and payment of restitution in the amount of $60,000, with a payment schedule of $1,000 per month.  **See** Sentencing Order, 2/12/14.[1]

---

[*] Former Justice specially assigned to the Superior Court.

[1] The sentencing order, in relevant part, provides:

(Footnote Continued Next Page)

On February 15, 2015, Appellant filed his first PCRA petition challenging, *inter alia*, the legality of his plea and sentence and effectiveness of plea counsel. On March 5, 2015, the PCRA court issued a notice of its intent to dismiss the PCRA petition because Appellant was not eligible for PCRA relief pursuant to 42 Pa.C.S.A. § 9543(a)(1)(i). On May 26, 2015, the PCRA court dismissed the petition. This appeal followed.

On appeal, Appellant raises the following issue:

Should the Superior Court reverse and remand [sic] the trial court erred as a matter of law in denying the Appellant's first PCRA petition without hearing in determining the Appellant was no longer under supervision thus denying relief available to him under 42 Pa.C.S.A. Section 9545 and determined that the restitution obligation did not constitute remaining under supervision such that relief from the conviction could be granted?

Appellant's Brief at 9.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its

_(Footnote Continued)_ ————————

It is hereby ORDERED, ADJUDGED and DECREED that the defendant is given credit for time served. The [c]ourt directs the defendant to pay the victim $60,000.00 payable in the amounts of $1,000.00 per month commencing March 15, 2014, and each month thereafter. . . . Failure to comply with payments would subject the defendant to contempt proceedings for failing to comply with this [c]ourt order.

Sentencing Order, 2/12/14.

- 2 -

conclusions of law to determine whether they are free from legal error."
***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014).

Assuming Appellant has an underlying claim,[2] we must determine whether he is eligible for PCRA relief. As noted, the PCRA court found Appellant was not eligible for relief pursuant 42 Pa.C.S.A. § 9543(a)(1)(i) because he was no longer "serving" his sentence. We agree.

To be eligible for post-conviction relief,

the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

42 Pa.C.S.A. § 9543(a)(1)(i).

Appellant essentially argues that the order of restitution imposed in the instant matter qualifies as a condition of probation or parole—despite the fact he was not ever placed on probation or parole—because any other interpretation of the sentencing order would render the restitution order unenforceable. Not surprisingly, Appellant provides no authority for his contention. Indeed, the two cases Appellant relies upon are distinguishable

---

[2] Appellant provides no discussion in his brief of the merits of his claim. The entire argument section of the brief is devoted to the question of eligibility.

(***Commonwealth v Karth***, 994 A.2d 606 (Pa. Super. 2010)) and/or directly contradict Appellant's contention (***Commonwealth v James***, 771 A.2d 33 (Pa. Super. 2001)).

Appellant ignores that 18 Pa.C.S.A. § 1106 provides that restitution can be ordered as direct sentence or as a condition of probation/parole. Specifically, in relevant part, § 1106 provides:

> **a) General rule.--**Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.
>
> **(b) Condition of probation or parole.--**Whenever restitution has been ordered pursuant to subsection (a) and the offender has been placed on probation or parole, his compliance with such order may be made a condition of such probation or parole.

18 Pa.C.S.A. § 1106(a)-(b).

Here, as also acknowledged by Appellant, the sentencing court did not impose restitution as a condition of probation or parole. Indeed, restitution was ordered as part of the direct sentence. The fact that restitution has been ordered as part of the direct sentence does not mean, as Appellant argues, that the trial court "lacked supervisor[y] ability to assure restitution payment." Appellant's Brief at 10. Where, as in the instant matter, restitution has not been ordered as a condition of parole or probation, the trial court "has the continuing power to monitor and enforce that sentence. An order of restitution is enforceable until paid. **However, the monitoring**

**of appellant's restitution payments does not make him eligible for relief under the PCRA**." ***James***, 771 A.2d 36 (citation omitted) (emphasis added). ***James*** is directly on point, and Appellant provides no reason why we should not apply ***James***. Thus, under the circumstances, Appellant is no longer serving his sentence. As a result, Appellant is not eligible for PCRA relief.

In light of the foregoing, we conclude the PCRA court correctly dismissed the petition, and it did not abuse its discretion in denying Appellant a hearing on his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/07/2016