J-A22007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: C.R.G., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: B.B., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 643 MDA 2020 |

Appeal from the Decree Entered March 23, 2020
In the Court of Common Pleas of Berks County
Orphans' Court at No(s): 87146

BEFORE: SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:           **FILED OCTOBER 02, 2020**

B.B. (Mother) appeals from the order denying the petition to terminate her parental rights, filed by J.P.G. (Father), regarding C.R.G.[1, 2] Upon careful review, we affirm.

On February 20, 2020, Father *pro se* filed the petition requesting that the court voluntarily terminate Mother's parental rights. Father attached as an exhibit Mother's executed consent for voluntary relinquishment of parental rights. Petition, 2/20/20, at ¶ 14, Exhibit "A." Father alleged he is married

---

[1] C.R.G., born in March of 2013, is the biological child of Mother and Father. Petition, 2/20/20, at ¶ 4.

[2] Father neither filed a notice of appeal nor is he a party in this appeal. Mother asserts that she and Father are "in full agreement that the [p]etition to [t]erminate [p]arental [r]ights should be granted in the best interests" of C.R.G. Mother's Brief at 15.

to Mother "but estranged, with separation occurring March, 2017." *Id.* at ¶ 3. Father alleged, "Until recently, the parties shared legal and physical custody" of C.R.G. *Id.* at ¶ 8. Finally, Father asserted that he and Mother agree (1) Mother "is not fit as a mother;" and (2) "[I]t is in the best interests of [C.R.G.] that [Father] be the sole parent of [C.R.G.]." *Id.* at ¶¶ 9-10.

By order dated March 18, 2020, and entered on March 23, 2020, the orphans' court denied Father's petition without a hearing. On April 16, 2020, Mother timely filed a notice of appeal.[3] The orphans' court filed its opinion

---

[3] Mother did not file a concise statement of errors complained of on appeal concurrently with her notice of appeal in contravention of Pa.R.A.P. 1925(a)(2)(i) and (b). By order dated April 30, 2020, the orphans' court directed Mother to file the concise statement within ten days, and she timely complied. As such, we review this appeal. *See In re K.T.E.L*, 983 A.2d 745, 747 (Pa. Super. 2009) (holding that the failure to file a concise statement of errors complained of on appeal with the notice of appeal will result in a defective notice of appeal, to be disposed of on a case by case basis); *cf. J.P. v. S.P.*, 991 A.2d 904 (Pa. Super. 2010) (appellant waived all issues by failing to timely comply with the trial court's direct order to file a concise statement).

In her concise statement, Mother stated, "This case evolves from a custody dispute between [M]other and [F]ather. . . ." Concise Statement at 1. Mother explained that Father had accused her "of being a derelict and abusive parent," and that the case was scheduled to be heard in the trial court. *Id.* However, Mother asserted that she and Father agreed to settle the case because, in part, she "did not have the ability to continue to run into [c]ourt defending herself as a parent. . . . Mother did not feel it was right to be obligated to pay child support for a child who has demonstrated a strong desire not to associate with his mother. . . ." *Id.* at 2 (unpaginated). Mother described the settlement as requiring her to "relinquish her parental rights in exchange for Father's commitment to permit Mother to terminate her status as parent of C.R.G." *Id.* Mother stated, "Father followed through on his

- 2 -

pursuant to Rule 1925(a) on May 11, 2020. The court explained it denied

Father's petition because "there is no adoption [of C.R.G.] planned." Orphans'

Court Opinion, 5/11/20, at 3.

On appeal, Mother presents the following questions:

[1.] Is a [p]etition to [t]erminate [p]arental [r]ights proper when both natural parents consent to the [o]rder?

[2.] Is a [p]etition for [a]doption required to be filed concurrently with a [p]etition to [t]erminate [p]arental [r]ights when the parents are both the natural parents and both parents consent [to] the [p]etition to [t]erminate?

[3.] Was the [orphans'] [c]ourt in error when it refused to hold a hearing on the [p]etition and dismissed the [p]etition as unlawful?

Mother's Brief at 5.[4]

Mother's issues present a question of law. Therefore, "we exercise a

plenary scope of review and *de novo* standard of review."

*In the Interest of J.M.G.*, 229 A.3d 571, 577, n. 10 (Pa. 2020) (citation

omitted).

Mother's issues are governed by the Adoption Act, 23 Pa.C.S. §§ 2101,

*et seq.* It is well-settled that "the legislative provisions of the Adoption Act

_____

obligation and filed for the termination of Mother's parental rights, and Mother consented to the petition." *Id.*

[4] In her brief, Mother presents her argument without dividing it into parts, in contravention of Pa.R.A.P. 2119, which provides, "The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part -- in distinctive type or in type of distinctively displayed -- the particular point treated therein, followed by such discussion and citation of the parties as are deemed pertinent." Pa.R.A.P. 2119(a). As such, we likewise review Mother's issues together.

must be strictly complied with. . . . Nor may exceptions to the Adoption Act be judicially created where the Legislature did not see fit to create them." *In re Adoption of E.M.A.*, 409 A.2d 10, 11 (Pa. 1979).

This Court has recognized that the Adoption Act sets forth "the bifurcated nature of the adoption process." *In re A.M.B.*, 812 A.2d 659, 669 (Pa. Super. 2002). Chapter 25 governs both voluntary relinquishment and involuntary termination of parental rights. *See* 23 Pa.C.S. §§ 2501-2558*,* "Proceedings Prior to Petitions to Adopt"; *see also* 23 Pa.C.S. §§ 2701-2742, "Petition for Adoption"; and 23 Pa.C.S. §§ 2901-2938, "Decrees and Records."

We have stated, "Termination of parental rights is a drastic measure that should not be taken lightly." *In re Adoption of Stickley*, 638 A.2d 976, 980 (Pa. Super. 1994). In addition to a parent's right to his or her child, a child's right to a relationship with his or her parent is also at stake. *Id.*

Our Supreme Court has explained, "As its title suggests, examination of the Adoption Act in its entirety reveals a singular concern with adoption proceedings." *In re B.E.*, 377 A.2d 153, 155 (Pa. 1977) (footnotes and citation omitted). The Supreme Court stated:

> Provisions for involuntary termination of parental rights are contained, *along with provisions for the voluntary relinquishment of parental rights and duties*, within article III of the Act, entitled "Proceedings Prior to Petition to Adopt." Consistent with this heading, the purpose of *voluntary relinquishment* and involuntary termination of parental rights is evidenced by section 321,[5] which

---

[5] 1 P.S. § 321 is the predecessor to 23 Pa.C.S. § 2512 (Effect of decree of termination).

provides that the effect of either decree shall be to "extinguish the power or the right of such parent to object to or receive notice of adoption proceedings."

*Id.* (footnotes and citation omitted) (emphasis added).

Instantly, the orphans' court denied the petition to terminate Mother's parental rights because no adoption of C.R.G. was contemplated. The court reasoned:

> Examining the Adoption Act in its entirety, our Supreme Court has consistently held that the purpose of a termination decree is solely to aid in the adoption. *See In re B.E.*, 377 A.2d 153, 155 (Pa. 1977) (quotation omitted); *see also In re E.M.I.*, 57 A.3d[, 1278,] 1285-86 (Pa. [Super.] 2012). . . . In furtherance of fulfilling the intention of the Legislature, the . . . [c]ourts ha[ve] held that a party must show that an adoption is contemplated before a termination petition is granted. *In re E.M.I.*, 57 A.3d at 1285 (quotation omitted); *see also In re Adoption of M.R.D.*, 145 A.3d 1117, 1120 (Pa. 2016) (quotation omitted). In examining the legislative intent of the termination provisions, which includes the fact that these provisions are within the heading "Proceedings Prior to Petition to Adopt," the Supreme Court has stated that the *termination provisions were not designed to penalize an ineffective or negligent parent*. [*In re B.E.*, 377 A.2d at 156]. *Rather, termination proceedings were designed so that the child may form new bonds with his or her new family unencumbered by the former legal parents*. *In re Adoption of M.R.D.*, 145 A.3d at 1128.
>
> In this case, there is no adoption planned. The purpose of the termination petition was to remove Mother from [C.R.G.]'s life because she is completely uninvolved and has no interest in being involved with [C.R.G.]. However, our Supreme Court has clearly rejected the use of adoption as a punishment for a negligent or ineffective parent, instead finding termination only appropriate when underlying adoption is foreseeable. [*In re B.E.*, 377 A.2d at 156]. While the Supreme Court's cases addressed petitions for the involuntary termination of parental rights, the Supreme Court's language indicates that its holdings apply in petitions for the voluntary termination of parental rights as well. *See In re B.E.*, 377 A.2d at 155 ("The purpose of *voluntary relinquishment*

and involuntary termination of parental rights . . . shall be to 'extinguish the power or right of such parent to object or receive notice of adoption proceedings.') (emphasis added, citations removed). Therefore, the [c]ourt was correct in denying the [p]etition to [t]erminate Mother's [p]arental [r]ights when no adoption was planned.

Orphans' Court Opinion, 5/11/20, at 2-4 (emphasis added). We agree.

By way of background, the Adoption Act provides two alternative procedures with respect to the voluntary relinquishment of parental rights. Our Supreme Court recently explained:

> Sections 2501 [(Relinquishment to agency)] and 2502 [(Relinquishment to adult intending to adopt child)] provide that a natural parent may file a petition to relinquish his or her parental rights to a child to an agency or an adoptive adult, respectively. *See* 23 Pa.C.S. §§ 2501-02. Upon the filing of a petition under either Sections 2501 or 2502, the trial court sets a hearing to terminate the petitioning parent's parental rights. 23 Pa.C.S. § 2503.
>
> Where a parent has not filed a petition to relinquish his or her parental rights, Section 2504 [(Alternative procedure for relinquishment)] provides an alternative means to obtain parental consent to adoption. Pursuant thereto, when a natural parent has executed a consent to adoption, the adoptive parent may petition the court for a hearing to confirm the natural parent's consent to adoption. *See* 23 Pa.C.S. § 2504(a). The court will then schedule a hearing to confirm the consent that the parent previously gave to the adoption. 23 Pa.C.S. § 2504(b).

*In re J.W.B.*, 2020 Pa. LEXIS 3282, at *1-2 (filed June 16, 2020).

On appeal, Mother argues that "nowhere in the law is a petition to terminate between natural parents required to be made in concert with a [p]etition for [a]doption." Mother's Brief at 16. Specifically, Mother asserts

that the orphans' court applied Section 2502,[6] which she acknowledges requires the filing of a report of intention to adopt.[7] However, she asserts that Section 2502 is inapplicable. Mother relies upon this Court's decision in *In re Adoption of Stickley*, *supra*.

---

[6] **§ 2502. Relinquishment to adult intending to adopt child.**

> **(a) *Petition.* —** When any child under the age of 18 years has been for a minimum period of three days in the exclusive care of an adult or adults who have filed a report of intention to adopt required by section 2531 (relating to report of intention to adopt), the parent or parents of the child may petition the court for permission to relinquish forever all parental rights to their child.
>
> . . .

23 Pa.C.S. § 2502.

[7] **§ 2531. Report of intention to adopt.**

> **(a) *General rule.* —** Every person now having or hereafter receiving or retaining custody or physical care of any child for the purpose or with the intention of adopting a child under the age of 18 years shall report to the court in which the petition for adoption will be filed.
>
> . . .
>
> **(c) *When report not required.* —** No report shall be required when the child is the child, grandchild, stepchild, brother or sister of the whole or half blood, or niece or nephew by blood, marriage or adoption of the person receiving or retaining custody or physical care.

23 Pa.C.S. § 2531.

In **Stickley**, divorced parents entered into an agreement where the mother was to file a petition to voluntarily terminate the father's parental rights, and the father agreed he would sign it. This Court stated that the agreement was made, *inter alia*, to settle a custody dispute, and that the mother had "as her ultimate goal the adoption of [the child] by her current husband." **Stickley**, 638 A.2d at 978.

A hearing occurred following the mother's filing of a petition to confirm consent. However, the father did not attend the hearing. His attorney attended the hearing and informed the court that the father was not willing to sign a consent to adoption or consent to the relinquishment of his parental rights. Nevertheless, the court found that the father voluntarily surrendered his parental rights and issued an order to this effect. The father appealed from the termination order, and this Court reversed.

In reviewing the father's appeal, we first discussed Section 2502 (Relinquishment to adult intending to adopt child). This Court declared, "Under the Adoption Act, [the father] would have to file the petition, not [the mother]. A parent may voluntarily relinquish his parental rights to an adult intending to adopt the child." **Stickley**, 638 A.2d at 978. We stated that Section 2502 "does not contemplate [the] relinquishment [of parental rights] to a natural parent." **Id.** We concluded that the mother knew this, and

therefore, she filed a petition to confirm consent pursuant to Section 2504 (Alternative procedure for relinquishment).[8] *Id.*

Thus, in this case, Mother correctly asserts that Section 2502 is inapplicable, where Father petitioned *pro se* for the termination of her parental rights. However, Mother's assertion that the orphans' court applied that statute is incorrect. Rather, the court applied Section 2504(a), deeming Father's petition a petition to confirm consent.

Still, Mother argues that **Stickley** is controlling. The orphans' court explained:

> Mother claims that if the father in **Stickley** did not revoke his consent, termination would have been proper. This is not the holding in **Stickley**, but rather, the court held that the consent was never valid in the first instance. The Superior Court made no determination as to whether the termination would have been proper in this situation, because there were no grounds to begin the voluntary termination proceedings.

---

[8] **§ 2504. Alternative procedure for relinquishment**

**(a) *Petition to confirm consent to adoption.* —** If the parent or parents of the child have executed consents to an adoption, upon petition by the intermediary or, where there is no intermediary, by the adoptive parent, the court shall hold a hearing for the purpose of confirming a consent to an adoption upon expiration of the time periods under section 2711 (relating to consents necessary to adoption). The original consent or consents to the adoption shall be attached to the petition.

. . .

23 Pa.C.S. § 2504(a).

Orphans' Court Opinion, 5/11/20, at 5. Again, we agree.

In **Stickley**, pursuant to Section 2504(a), we stated, "In order for the lower court's ruling [which terminated the father's parental rights] to be valid, [the father] must have executed a consent to an adoption pursuant to [Section] 2711."[9] **Stickley**, 638 A.2d at 979. However, the father did not

_____

[9] **§ 2711. Consents necessary to adoption.**

. . .

**(d) Contents of consent.**

**(1)**

The consent of a parent of an adoptee under 18 years of age shall set forth the name, age and marital status of the parent, the relationship of the consenter to the child, the name of the other parent or parents of the child and the following:

I hereby voluntarily and unconditionally consent to the adoption of the above named child.

I understand that by signing this consent I indicate my intent to permanently give up all rights to this child.

I understand such child will be placed for adoption.

I understand I may revoke this consent to permanently give up all rights to this child by placing the revocation in writing and serving it upon the agency or adult to whom the child was relinquished.

. . .

If I am the birth mother of the child, I understand that this consent to an adoption is irrevocable unless I revoke it within 30 days after executing it by delivering a written revocation to (insert the name and address of the agency coordinating the adoption) or (insert

- 10 -

execute a written consent. ***Id.*** Therefore, the statutory requirements were not met, and for this reason, we held that the court erred in issuing the termination decree.[10]

In ***Stickley***, this Court did not discuss the validity of the mother's petition without an adoption being contemplated. Moreover, we reject Mother's argument because the mother in ***Stickley*** had as her ultimate goal the adoption of the child by her current husband. ***Stickley***, 638 A.2d at 978. In this case, neither party alleges that Father contemplated adoption. In fact, Father alleged that he and Mother were still married. Petition, 2/20/20, at ¶ 3.

_____

the name and address of an attorney who represents the individual relinquishing parental rights or prospective adoptive parent of the child) or (insert the court of the county in which the voluntary relinquishment form was or will be filed).

I have read and understand the above and I am signing it as a free and voluntary act.

**(2)** The consent shall include the date and place of its execution and names and addresses and signatures of at least two persons who witnessed its execution and their relationship to the consenter.

23 Pa.C.S. § 2711(d). Section 2711 was amended on July 2, 2019, which became effective on August 31, 2019. Instantly, Mother executed the consent on April 18, 2019, prior to the effective date. Therefore, the amended statute does not apply. ***See*** Petition, 2/20/20, at Exhibit "A."

[10] Even if the verbal agreement between the mother and the father may operate as consent under Section 2711, we concluded the father revoked that consent before a decree of termination or a decree of adoption was entered. ***Stickley***, 638 A.2d at 979.

Finally, Mother argues that, pursuant to Section 2531(c) ("Report of intention to adopt"), Father was not required to file a report of intention to adopt. She asserts that the Adoption Act does not prevent Father from terminating her parental rights. The court accurately explained:

> Mother claims that **Stickley** unequivocally states that Section 2531(c) ("Report of intention to adopt") is not required when the child is related by blood or marriage to the person receiving or retaining physical custody. [**Stickley**, 638 A.2d] at 978. Mother argues . . . that because no report of intention to adopt is required, a parent can terminate the parental rights of the other parent without an adoption being planned. Mother misinterprets the law regarding the report of intention to adopt. A parent's parental rights cannot be terminated when no adoption is planned simply because this report is not required. Our Supreme Court has stated that "[t]he reason a parent may petition to terminate the parental rights of the other parent when no report of intention to adopt has been filed is not to permit termination when adoption is not required." **In re B.E.**, 377 A.2d at 154. However, *even when the report is not required to be filed, termination under the [A]doption [A]ct still requires adoption to be contemplated.* **Id.** Mother's argument is inconsistent with prior case law.

Orphans' Court Opinion, 5/11/20, at 5 (emphasis added).

We likewise reject Mother's argument. In **Stickley**, we addressed Section 2531(c) in relation to Section 2502, which we ultimately concluded was inapplicable, as discussed above. Mother concedes that Section 2502 is inapplicable in this case; thus, the filing of the report of intention to adopt under Section 2531(c) is irrelevant. Even if relevant, Section 2531(c) would not support Mother's contention, because that statute pertains to every person "now having or hereafter receiving or retaining custody or physical care of any

child for the purpose or with the intention of adopting a child. . . .” 23 Pa.C.S.

§ 2531(a). Here, Father is not a prospective adoptive parent.

In sum, Mother's claims lack merit. We therefore affirm the orphans'

court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/2020