J-A16024-19

2019 PA Super 214

| | | |
|---|---|---|
| IN RE: J.W.B. AND R.D.B., MINORS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: L.B., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 215 MDA 2019 |

Appeal from the Decree Entered January 4, 2019
In the Court of Common Pleas of Lycoming County Orphans' Court at
No(s):  6608

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS,* P.J.E.

OPINION BY MURRAY, J.:                                    **FILED JULY 12, 2019**

L.B. (Father) appeals from the decree terminating his parental rights to his minor children, J.W.B. (born July 2013) and R.D.B. (born June 2015) (Children), and confirming his consent to adoption.  Father avers that his consent to adoption was invalid because it did not comply with the laws of Colorado, where he resides.  After careful review, we hold that the trial court properly applied Pennsylvania law, and further, Father failed to comply with Pennsylvania law when he attempted to revoke his consent.  Accordingly, we affirm.

A.S. (Mother) and her husband, M.S. (Husband) are residents of Pennsylvania, where they live with Children.  Father is a resident of Colorado. On June 13, 2018, Mother and Husband filed a petition seeking to confirm

_____

* Former Justice specially assigned to the Superior Court.

consent to adoption or, in the alternative, to involuntarily terminate Father's parental rights, and a petition for adoption. *See* Petition to Confirm Consent, 6/13/18, at ¶¶ 1-13. Previously, on November 27, 2017, Father had signed a consent, which advised him that his consent was irrevocable unless revoked within 30 days after execution by delivery of written revocation to the orphans' court. *See* Petition to Confirm Consent, 6/13/18, Exhibit A. The consent was signed by Father and witnessed by Father's girlfriend and father. *Id.* On October 17, 2018 and November 28, 2018, the court convened a hearing on Mother and Husband's petitions.

Mother testified that on September 24, 2017, she had a conversation with Father in which he stated he wished to relinquish his parental rights, and asked Mother to speak to her husband about adopting Children. *See* N.T., 10/17/18, at 6-7. Father instructed Mother to call Roger Wiest, Esquire, who assisted Father and Mother during their divorce. *Id.* at 7. Mother called Attorney Wiest, who prepared and mailed to Father a consent to adoption for each child. *Id.* at 8. Father signed his consent on November 27, 2017. *Id.* Mother stated that after texting Father to tell him that she and Husband were pursuing adoption, she had no further conversations with Father; that Attorney Wiest told her Father had signed the consent; and that at no point did Father inform Mother he had changed his mind or that he had submitted a written revocation. *Id.* at 11.

Attorney Wiest testified that Mother contacted him regarding the adoption of Children. N.T., 10/17/18, at 17-18. Attorney Wiest then prepared

- 2 -

the written consent to adoption, which he sent to Father in Colorado. *Id.* at 18. Attorney Wiest testified that he did not consider Colorado law at the time he prepared the documents, as he was of the opinion that, because it was a Pennsylvania adoption, Pennsylvania law would apply. *Id.* at 18-19. Further, Attorney Wiest proceeded with the understanding that Mother and Father had agreed to the relinquishment and adoption. *Id.* at 19. At some point in May 2018, Father telephoned Attorney Wiest and stated that he changed his mind and no longer wished to consent; Attorney Wiest advised Father to retain separate counsel to proceed further. *Id.* at 20, 22. However, Attorney Wiest never received written revocation from Father. *Id.* at 21-22.

Father called Randall W. Klauzer, Esquire, an attorney licensed in Colorado, to testify as an expert on parental consent to termination. N.T., 10/17/18, at 27-28. Specifically, Attorney Klauzer testified that the Colorado statute requires counseling before a party may consent to the termination of his parental rights, and additionally, contains restrictions that the Pennsylvania statute does not. *Id.* at 31-50. Colorado law requires that consent be in the form of a sworn statement, and that a copy of the adoption petition be attached to the consent. *Id.* Also, Colorado law allows for revocation of consent prior to the entry of an adoption decree. *Id.* Attorney Klauzer thus opined that Father's consent did not conform to Colorado law and would not be valid and enforceable in Colorado. *Id.* at 29.

Father testified that he has lived in Colorado since February 2017. N.T., 10/17/18, at 52. Father acknowledged that he contacted Mother about

- 3 -

relinquishing his parental rights on September 24, 2017, and about contacting Attorney Wiest to effectuate Children's adoption in Pennsylvania. *Id.* at 53-54. Attorney Wiest sent Father the consent paperwork and advised Father how to revoke his consent. *Id.* Father executed the consent on November 27, 2017, and returned it to Attorney Wiest. *Id.* at 56. Father admitted he never executed a written revocation. *Id.* After Mother texted Father to tell him that the paperwork was complete, and she and Husband would proceed with adoption, Father called Attorney Wiest and told him that he no longer wished to relinquish his parental rights. *Id.* at 64. Father confirmed that Attorney Wiest told him to obtain a new attorney. *Id.* Father conceded that he was aware that the consent he executed required written revocation within 30 days, and that he did not revoke his consent within that time. *Id.* at 64-65. Father also claimed that he had been drinking heavily around the time and had been in rehab. *Id.* at 65-66.

At the conclusion of the November 28, 2018 hearing, the court held the matter under advisement. On January 4, 2019, the court issued an opinion and decree terminating Father's parental rights to Children. Pertinently, the court rejected Father's claim that Colorado law applied, and held instead that under Pennsylvania law, Father's attempt to revoke his consent was not valid. Father filed a notice of appeal and concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

On appeal, Father raises the following issue for our review:

Did the [orphans' court] err in application of 23 Pa.C.S.A. §

- 4 -

2711(c) by failing to consider the [invalidity] of consents for adoption under Colorado law, simply because the Colorado resident Father did not revoke consent within 30 days in accordance with Pennsylvania law where no such requirement exists in Colorado and where Colorado law permits revocation of consent up to and including the date of hearing?

Father's Brief at 2.

We review cases involving the termination of parental rights according to the following:

The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because the record would support a different result. We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citations omitted).

The Restatement (Second) of Conflicts of Law § 289, Law Governing Adoption, states, "A court applies its own local law in determining whether to grant an adoption." *In re Adoption of D.*, 769 A.2d 508, 510 (Pa. Super. 2001). We have explained:

[This] rule properly recognizes the dominant interest of the forum state in fixing the prospective adoptive child's status and relationships. [A] state can only assert original adoption jurisdiction if it has a significant relationship with the child; indeed, the UCCJA [Uniform Child Custody Jurisdiction Act] and PKPA [Parental Kidnapping Prevention Act] are designed to assure that original jurisdiction is in the state where "the child and his family have the closest connection." The very same considerations that permit the exercise of jurisdiction support the use of the law of

- 5 -

the forum. If a state properly exercises jurisdiction over the adoption, it should not ordinarily be expected or required to apply the law of a foreign jurisdiction in deciding the issues.

*Id.* (quoting *In re Adoption of a Child by T.W.C.*, 270 N.J. Super. 225, 636 A.2d 1083 (1994)).

Applying the above reasoning, this Court concluded that Pennsylvania had the overriding and continuing interest in establishing a child's status and relationships. *In re Adoption of D.*, 769 A.2d at 511. Although consent to adoption was executed in another state, we determined that Pennsylvania law applied because the parties were aware the adoption would be finalized in Pennsylvania; the adoptive parents and child resided in Pennsylvania; and the filing parties chose to avail themselves of the laws of Pennsylvania by filing a report of their intention to adopt in a Pennsylvania court. *Id.* We concluded, "Because [the adopting parents] elected to finalize adoption in Pennsylvania, it is not feasible or reasonable to subject the most critical and important aspect of the adoption proceeding, termination of parental rights, to a foreign jurisdiction, which has less stringent safeguards to the biological parent than Pennsylvania." *Id.*

Pursuant to the Pennsylvania Domestic Relations Code:[1]

[w]hen any child under the age of 18 years has been for a minimum period of three days in the exclusive care of an adult or adults who have filed a report of intention to adopt required by section 2531 (relating to report of intention to adopt), the parent or parents of the child may petition the court for permission to relinquish forever all parental rights to their child.

---

[1] 23 Pa.C.S.A. §§ 101-8415.

- 6 -

23 Pa.C.S.A. § 2502(a).

"A party seeking to disturb a termination decree [entered after a consent to relinquishment] must show that the consent given to terminate parental rights was not intelligent, voluntary and deliberate." *In re M.L.O.*, 416 A.2d 88, 90 (Pa. 1980). Section 2504 provides an alternative procedure for relinquishment as follows:

§ 2504. Alternative procedure for relinquishment

**(a) Petition to confirm consent to adoption.—**If the parent or parents of the child have executed consents to an adoption, upon petition by the intermediary or, where there is no intermediary, by the adoptive parent, the court shall hold a hearing for the purpose of confirming a consent to an adoption upon expiration of the time period under section 2711 (relating to consents necessary to adoption). The original consent or consents to the adoption shall be attached to the petition.

**(b) Hearing.—**Upon presentation of a petition filed pursuant to this section, the court shall fix a time for a hearing which shall not be less than ten days after filing of the petition. Notice of the hearing shall be by personal service or by registered mail . . . Notice of the hearing shall be given to the other parent or parents . . . and to the parents or guardian of a consenting parent who has not reached 18 years of age. The notice shall state that the consenting parent's . . . rights may be terminated as a result of the hearing. After hearing, which shall be private, the court may enter a decree of termination of parental rights in the case of a relinquishment to an adult or a decree of termination of parental rights and duties, including the obligation of support, in the case of a relinquishment to an agency.

23 Pa.C.S.A. § 2504(a)-(b).

Section 2711 of the Adoption Act[2] prescribes the requirements for

---

[2] 23 Pa.C.S.A. §§ 2101-2938.

consent and the procedure and timeframes for the revocation of a voluntary consent to adoption. 23 Pa.C.S.A. § 2711(a), (c), (d). With regard to the validity of consent, "a putative father may execute a consent at any time after receiving notice of the expected or actual birth of the child." 23 Pa.C.S.A. § 2711(c).

This Court has stated:

> Section 2711(c) unequivocally states that "[a] consent to an adoption may only be revoked as set forth in this subsection," and "[t]he revocation of a consent shall be in writing and shall be served upon the agency or adult to whom the child was relinquished." 23 Pa.C.S.A. § 2711(c). Further, "[f]or a consent to an adoption executed by a birth father or a putative father, the consent is **irrevocable** more than 30 days after the birth of the child or the execution of the consent, whichever occurs later." 23 Pa.C.S.A. § 2711(c)(1)(i) (emphasis added).

*In re R.L.*, 172 A.3d 665, 667 (Pa. Super. 2017).

"An individual may not waive the revocation period[.]" 23 Pa.C.S.A. § 2711(c)(2). Moreover, the statute precludes a challenge to the validity of the consent to adoption after 60 days following the birth of the child or the execution of the consent, whichever occurs later, and only upon a petition alleging fraud or duress. 23 Pa.C.S.A. § 2711(c)(3)(i)(A)-(B).

This Court has held that Section 2711 "renders a consent to adoption irrevocable more than thirty (30) days after execution," and the unambiguous language of the statute requires a trial court to consider the timeliness of a petition to revoke consent before it considers the merits. *In re Adoption of J.A.S.*, 939 A.2d 403, 408–09 (Pa. Super. 2007). If the revocation is untimely, the court may not consider the merits of the revocation. *Id.* The

language of the statute "plainly provide[s] for time constraints to revoke and/or challenge the validity of a consent to adoption," and its purpose is "to afford finality to the adoption process." *Id.* at 408.

Father argues that 23 Pa.C.S.A. § 2711(c) provides that any consent given outside of the Commonwealth is valid only if it complies with the law of the jurisdiction where it was executed. Father's Brief at 5-7. Father asserts that his consent did not comply with Colorado law, which requires that a parent complete relinquishment counseling in the county where he resides, provide certification of same, and give informed consent. Father further argues that under Colorado law, consent — even after counseling — may be withdrawn before the adoption hearing and decree. *Id.* at 5-9 (citing C.R.S.A.[3] § 19-5-103). Thus, Father claims that his consent was void *ab initio*. *Id.* at 5.

Upon review, we hold that the orphans' court properly applied Pennsylvania law to this case. Mother, Husband, and Children reside in Pennsylvania, where the petition for adoption was filed. Father was aware the adoption would occur in Pennsylvania. The consent and petitions complied with Pennsylvania law. Pennsylvania has an overriding and continuing interest in establishing Children's status and relationships. *See In re Adoption of D.*, 769 A.2d at 510. Thus, although Father signed his consent in Colorado, Pennsylvania law applies. *See id.*

_____

[3] Colorado Revised Statutes Annotated.

- 9 -

Accordingly, it is immaterial whether Father executed his consent in compliance with the laws of the jurisdiction in which he resided. Father did not revoke his consent in writing within 30 days of execution, nor did he serve any written revocation on any party, or challenge the validity of his consent within 60 days. Rather, Father now attempts to argue, following the termination of his parental rights, that his consent was invalid under Colorado law. The consent Father signed conformed to the requirements of 23 Pa.C.S.A. § 2711(d) (referring to contents of consent). Father was informed that signing would voluntarily and unconditionally allow for the adoption of Children; he was also informed of the terms for revoking his consent — *i.e.*, within 30 days, in writing, and served upon all interested parties. **See** Petition to Confirm Consent, 6/13/18, Exhibit A. Therefore, the trial court was precluded from considering the merits of Father's revocation because Father did not revoke his consent within the statutorily-prescribed time period. **See Adoption of J.A.S.**, 939 A.2d at 408–09.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/12/2019

- 10 -